**KIRBY LUMBER CO. v. LEWIS.**    (No. 579.)

(Court of Civil Appeals of Texas. Beaumont. May 5, 1920.)

**1. Trial ☺═>240—Argumentative instruction refused.**

Argumentative instruction was properly refused.

**2. Trial ☺═>350(3)—Refusal of issue raised by evidence cannot be justified by showing of facts making the issue immaterial, where such other facts are not pleaded.**

Refusal to submit to the jury the issue, which was raised by the evidence, whether defendant's alleged agent was authorized by defendant to make the contract sued on, could not be justified by the claim that all the evidence showed that defendant ratified the acts and conduct of such agent in making the contract, where ratification was not pleaded.

**3. Judgment ☺═>248—Evidence to form basis of judgment must have support in the pleadings.**

Evidence cannot form the basis of a judgment, without a pleading to which the evidence relates.

**4. Damages ☺═>57—Submission of issue as to whether breach of contract by defendant was**

fraudulent or willful held error; question being immaterial.

In action for breach of contract to deliver "cull" oxen to plaintiff in exchange for work oxen, court erred in submitting issue of whether contract had been fraudulently or willfully breached; plaintiff being entitled, as damages, to the highest market value of cull oxen between the time they should have been delivered and the date of the trial, regardless of whether breach was willful or fraudulent.

Appeal from Jasper County Court; C. C. Brown, Judge.

Action by J. L. Lewis against the Kirby Lumber Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

G. E. Richardson, of Jasper, and Andrews, Streetman, Logue & Mobley, of Houston, for appellant.

Chas. C. Ingraham, of Jasper, for appellee.

HIGHTOWER, C. J. The appellee, J. L. Lewis, sued appellant, Kirby Lumber Company, in the county court of Jasper county, and upon a trial with a jury appellee recovered judgment for $425, with interest at the legal rate until paid. After its motion for new trial was overruled, appellant perfected its appeal to this court.

Very briefly stated, the contention of appellee was that about the 1st of November, 1914, he entered into a verbal contract with appellant, acting through its duly authorized agent, whereby appellee sold and delivered to appellant five work oxen, for which appellant promised and agreed to deliver to appellee five oxen known as or called "cull" oxen; such oxen to be delivered to appellee not later than the latter part of spring of 1915.

Appellant was engaged in the sawmill business at Browndel, in Jasper county, at the time the claimed contract was made, and appellee was engaged in the meat market business at the same place. As work oxen would become unfit for use in appellant's sawmill business, they were called "cull" oxen, and would be disposed of for butchering, and their places supplied by other oxen fit to do the work.

Appellee alleged that under the claimed contract, he delivered to appellant, at Browndel, five good work oxen, but that appellant never did comply with its contract by delivering to him the "cull" oxen, and never paid appellee anything for the work oxen delivered by him. Appellee prayed recovery for the highest market value of the "cull" oxen obtaining between the date they should have been delivered to him and the date of the trial, but, in the alternative, if it should be found that the claimed contract was not made, for the value of the work oxen delivered to appellant.

---

☺═>For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellant answered by general and special exceptions, all of which were properly overruled, and also by general denial and plea of limitation. The jury found that the contract, as claimed by appellee, was made, and found the aggregate value of the "cull" oxen to be $425.

We overrule the first assignment of error, for we think that the cause of action set up in appellee's second amended petition was not, in legal contemplation, a new or different cause of action from that contained in the original petition filed more than two years before. The claimed contract and its breach was clearly alleged in all of appellee's pleadings.

[1] The second and third assignments are overruled, for we do not agree with appellant that there was a variance between the contract as alleged and that proved by appellee; and the fourth assignment is overruled, for the reason that the requested instruction, which was refused as there complained of, was argumentative.

[2, 3] The fifth assignment of error must be sustained. Whether R. B. Cochran was authorized by appellant to make the contract relied upon by appellee was clearly made an issue of fact by the evidence, and the trial court should have granted appellant's request to submit that issue to the jury. Appellee's reply to this assignment is that all the evidence showed that appellant ratified the acts and conduct of Cochran in making the contract, and that therefore it was not error to refuse the issue. We are inclined to agree with appellee that the evidence was sufficient, if not conclusive, to the effect that appellant ratified Cochran's act in making the contract, or at least held Cochran out as having such authority; but the trouble is there was no such pleading by appellee. Evidence cannot form the basis of a judgment without a pleading to which the evidence relates.

[4] The sixth assignment is overruled. Upon the record now before us, we are also of the opinion that there was no necessity for submitting to the jury an issue as to whether the contract claimed by appellee to have been made was fraudulently or willfully breached by appellant, which action of the trial court is made the basis of the seventh, eighth, and ninth assignments, and we would suggest that no such issue be submitted upon another trial. If the contract, as claimed by appellee, was made and breached, then, upon the evidence as reflected by the record at this time, appellee would be entitled to recover the highest market value of the "cull" oxen obtaining between the time they should have been delivered to appellee and the date of the trial; and this would be so regardless of willful breach or fraud on the part of appellant.

Because, however, of the error of the trial court in refusing to submit the special issue as to whether R. B. Cochran was authorized by appellant to enter into the contract declared upon by appellee, the judgment will be reversed, and the cause remanded; and it is so ordered.